C. H. AND L. J. McCORMICK, PLAINTIFFS IN ERROR, V. S. O. RAYMOND, DEFENDANT IN ERROR.

1. **Pleading:** BANKRUPTCY. It is only the final discharge of a debtor, under the bankrupt law of the United States, that constitutes a good plea in bar of an action. The fact that he has simply been adjudged a bankrupt is not a defense.

2. ———. The only effect of bankruptcy proceedings upon a pending action prior to the discharge, is to enable the bankrupt to have the action stayed to await the decision of the bankrupt court on the question of his discharge.

ERROR to the district court for Platte county. Tried below before POST, J.

*Byron Millett*, for plaintiffs in error, cited Bump on Bankruptcy, 9th Ed., 754. *Ray v. Wight*, 119 Mass., 426. Maxwell's Pl. and Pr., 352. *McCormick v. Pickering*, 4 New York, 276. *Jaffray v. Crane*, 50 Wis., 352.

*Whitmoyer, Gerrard & Post*, for defendant in error.

LAKE, CH. J.

The principal question in this case is, whether the fact of the defendant having been adjudged a bankrupt under the law of the United States after the cause of action sued on had accrued, without showing also a final discharge from the debt, was a good defense to the action. The county court held that it was not, and accordingly sustained a demurrer to the answer, which ruling was reversed by the district court, and a judgment entered for the defendant.

Upon this question the judgment of the county court was right, and that of the district court wrong. It is only the final discharge under the bankrupt law that constitutes a good plea in bar to an action. This will very clearly appear by a reference to the law itself. It will thus be seen that the only effect which the bankruptcy proceedings, as shown by the answer, had upon the action was to enable the defendant, if he so chose, to have it "stayed to await the determination of the court in bankruptcy on the question of his discharge." U. S. Rev. Stat. 1867, sec. 21. *Bradford v. Rice*, 3 Am. Repts., 483. The judgment of the county court ought to have been affirmed.

The judgment of the district court must therefore be reversed and the cause remanded with instruction to enter a judgment in conformity to this opinion.

REVERSED AND REMANDED.